IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00242-KDB-SCR

| | |
|---|---|
| SHYENA SHINE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. No. 13). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT in part** and **DENY in part** the motion.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts

1

in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Also, in analyzing a Rule 12 motion, a court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007). In particular, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint ... so long as the authenticity of these documents is not disputed." *Chapman v. Asbury Auto. Grp., Inc.*, No. 3:13 cv 679, 2016 WL 4706931, at *1, 2016 U.S. Dist. LEXIS 121043 (E.D. Va. Sept. 7, 2016) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016).

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff Shyena Shine began working for Defendant Wells Fargo in November 2010. *See* Doc. No. 15-7.[1] Throughout the first ten years of her employment, Wells Fargo worked with her

---

[1] The Court draws the relevant facts of this case from Ms. Shine's EEOC Charge, which was incorporated into the Complaint and attached to both parties' briefs for this Motion, rather than the facts as presented by Ms. Shine in her Response. *See* Doc. Nos. 14-1 at 1-2, 15 at 7-8.

to find effective accommodations for her unspecified disability such that Ms. Shine felt she "enjoyed a more equal workplace" in which she "contributed to the financial objectives of [her] employer." *Id.* She was promoted multiple times, ultimately becoming a business support consultant in January 2020. *Id.* Beginning in June 2020, Ms. Shine alleges that her direct supervisor subjected her to a hostile work environment after being informed that Wells Fargo had granted Ms. Shine time off from work under the Family and Medical Leave Act ("FMLA"). *Id.* This hostile work environment allegedly included "negative looks," harassment by "daily incessant barrage of emails and instant messages," "intimidating comments," "gaslighting," her supervisor raising her voice (which exacerbated Ms. Shine's symptoms), and a write up in January 2021 commenting that "there was no room for human errors." *Id.* at 7-8.

Ms. Shine's request to transfer to a new management team was denied. *Id.* at 8. She further alleges that between January and March 2021, Ms. Shine's supervisor admitted that Ms. Shine was a top performer on her team. *Id.* Ms. Shine then claims that after she requested additional health related benefits on March 12, 2017, which another attached document shows to be further FMLA benefits (Wells Fargo does not challenge the authenticity of this document), she had a meeting with her supervisor to discuss those benefits. *Id.* Ms. Shine was fired on March 17, 2021, allegedly for "communication issues." *Id.*

Ms. Shine filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on September 2, 2021. *Id.* at 7. Her "Notice of Right to Sue" Letter ("Letter") was issued on October 30, 2023, but not mailed until November 29, 2023. *See* Doc. No. 5. She filed her Complaint in this case, alleging disability and race discrimination in addition to retaliation, on February 28, 2024. *See* Doc. No. 1. Wells Fargo filed its Motion to Dismiss on June 27, 2024. *See* Doc. No. 13. The motion is now ripe for the Court's ruling.

## III. DISCUSSION

Wells Fargo has moved to dismiss Ms. Shine's retaliation claim and claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq.* ("ADA"), on three grounds. First, Wells Fargo contends that Ms. Shine's claims are untimely. Second, it argues that Ms. Shine's race discrimination claim must be dismissed for failure to exhaust administrative remedies. Third, Wells Fargo asserts that even if the claims are not otherwise barred, that Ms. Shine has failed to plead facts necessary to proffer a plausible claim.

### A. Timeliness

Before filing suit in federal district court under Title VII or the ADA, a plaintiff must file a charge with the EEOC. *See* 42 U.S.C. § 2000-e5(f)(1); *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (noting the ADA incorporates Title VII's enforcement procedures). Once he or she has received a Notice of Right to Sue letter, a plaintiff has 90 days from the day the letter was received to file a timely suit. *See* 42 U.S.C. § 2000-e5(f)(1).

Wells Fargo argues that because Ms. Shine's Letter was issued on October 30, 2023, that she was required to file her Complaint no later than January 29, 2024, rather than on February 28, 2024, as Ms. Shine did. *See* Doc. No. 14 at 6. Ms. Shine did not address this argument in her Response, nor did she allege any date of receipt in her Complaint. *See* Doc. Nos. 1 at 5, 15. However, the Court's review of her EEOC Letter indicates this action is timely. The sixth and final page of the filing includes a scan of the envelope in which the Letter was sent and it has a postage date of November 29, 2023. Doc. No. 5 at 6. Ninety days from the date of sending would be February 27, 2024. Thus, even if the Court assumes the letter was received the very first day it

4

could have been, i.e., day after it was mailed, Ms. Shine's Complaint is timely. *See* Fed. R. Civ. P. 6(d) (adding 3 days after the time period would otherwise expire when service is given by mail).[2]

B.  **Exhaustion of Remedies**

Wells Fargo next argues that Ms. Shine failed to exhaust her administrative remedies regarding her race discrimination claim. The exhaustion requirement is "an integral part of the Title VII enforcement scheme." *Sydnor*, 681 F.3d at 593 (quoting *Chacko v. Patuxent, Inst.*, 429 F.3d 505, 510 (4th Cir. 2005)). The "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents" to give the defendant notice and prevent gamesmanship. *Id.* (quoting *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)). For example, a plaintiff may fail to exhaust their administrative remedies where their EEOC charge alleges only racial discrimination but the complaint includes a claim for unlawful sex discrimination. *Id.* at 593-94 (citing *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002)).

Here, Ms. Shine's EEOC Charge claims only disability discrimination and retaliation. *See* Doc. No. 15 at 7. The particulars of her Charge are clearly limited to those claims as well. *Id.* at 7-8. The only allegation of racial discrimination in the Charge is one comment describing how Ms. Shine's peers warned her that *they* had experienced a racist and toxic climate as a result of Ms. Shine's supervisor *Id.* at 8. Ms. Shine never alleges that she experienced such discrimination herself and expressly states at the end of her Charge that she was subjected to disability discrimination in violation of the ADA. *Id.* at 8. In fact, the only specifics given about the individuals described in the Charge are their genders, but Ms. Shine has not brought a claim for

---

[2] The Court expects and relies on the parties' candor in presenting their cases. It is disappointing that the Court itself needed to ferret out the date the letter was sent, particularly where Wells Fargo cited to the correct date of issuance but failed to discuss or even mention the more relevant mailing date marked on the envelope.

5

sex discrimination. *Id.* Thus, the Court finds this is not an instance in which the exhaustion requirement is a "tripwire for hapless plaintiffs." *Sydnor*, 681 F.3d at 594. Ms. Shine clearly alleged only disability discrimination and retaliation in her Charge, and to permit her to expand the scope of her claims in this Court would unfairly prejudice Wells Fargo. The Court accordingly will dismiss her race discrimination claim.

### C. Failure to State a Claim

Wells Fargo also alleges that Ms. Shine has failed to plausibly allege her disability discrimination and retaliation claims.

#### 1. Disability Discrimination

To establish a claim for disability discrimination in violation of the ADA, plaintiffs must show that "(1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018) (quoting *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 (4th Cir. 2016)). In other words, Ms. Shine must show that (1) she has a disability, (2) she is an individual qualified for her position at Wells Fargo, and (3) that she was discriminated against because of her disability. *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015) (citing *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000)).

Ms. Shine may prove such a violation through a combination of direct and indirect evidence, or if she lacks those, through the *McDonnell Douglas* burden-shifting framework. *Id.* (citing *Raytheon Co. v. Hernandez,* 540 U.S. 44, 49-50 & n.3 (2003)). Because Ms. Shine relies mainly on circumstantial evidence, the burden-shifting framework applies. If she plausibly alleges

a violation of the ADA, then Wells Fargo bears the burden of "articulat[ing] a legitimate, nondiscriminatory reason for the termination." *EEOC v. Loflin Fabrication, LLC*, 482 F. Supp. 3d 586, 599 (M.D.N.C. 2020) (citing *Leonard v. Electro-Mechanical Corp.*, 36 F. Supp. 3d 679, 688 (W.D. Va. 2014)). If the employer puts forth an adequate showing, "the plaintiff must then show why the employer's asserted justification is a pretext for discrimination." *Id.*

In her EEOC Charge, Ms. Shine alleged that Wells Fargo was aware of her disability and had accommodated her impairments in the first ten years of her employment. *See* Doc. No. 15 at 7. In 2020, she was promoted and accepted a new role. Ms. Shine then alleged that after her new supervisor learned that Ms. Shine had been given time off from work under the FMLA, that she was then subjected to a hostile work environment that included negative looks, daily emails and messages, and intimidating comments, raised voices, in addition to "gaslighting." *Id.* at 7-8. Ms. Shine requested a transfer from her management, which was denied. *Id.* at 8. Ms. Shine then alleges that "[s]hortly after a conversation with my manager that had been prompted by our third-party benefits provider revealing to her via email that I was updating and requesting additional health related benefits, she abruptly demonstrated her animus against me by discharging me on March 17, 2021, under false pretenses referencing unwarranted communication issues." *Id.*

Although Ms. Shine did not identify with specificity the additional benefits she sought in her EEOC Charge, a document she attached to her response, the authenticity of which has not been objected to by Wells Fargo, indicates she was seeking FMLA leave and had submitted her request on March 12, 2021, just five days before she was fired. *See* Doc. No. 15 at 13. Taking the facts in the light most favorable to Ms. Shine, as the Court is required to do, Ms. Shine has plausibly alleged that she is disabled and that she is otherwise qualified for the job she held. She has also adequately pled that her supervisor mistreated her after learning of pervious leave requests and the

temporary proximity between her final request and termination supports a *prima facie* showing of causation. *Kelly v. Town of Abingdon, Va.*, 90 F.4th 158, 170 n.8 (4th Cir. 2024) ("In a discrimination case…close temporal proximity weighs heavily in favor of causation." (cleaned up) (citation omitted)).

The burden thus shifts to Wells Fargo, which did not respond to these allegations on the merits, instead offering a conclusory statement that Ms. Shine failed to allege any facts establishing disability discrimination. *See* Doc. No. 14 at 10-11. Without a meaningful response, it cannot meet its burden to rebut Ms. Shine's *prima facie* case and this claim will be allowed to proceed.

### 2. **Retaliation**

The ADA also provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or … made a charge…under this chapter." 42 U.S.C. § 12203(a). To establish a *prima facie* retaliation claim under the ADA, Ms. Shine must plausibly allege that "(1) [s]he engaged in protected conduct (2) [s]he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Schmidt v. Town of Cheverly, Md.*, 212 F. Supp. 3d 573, 580 (D. Md. 2016) (quoting *Reynolds v. Am. Nat. Red Cross,* 701 F.3d 143, 154 (4th Cir. 2012)). The same burden shifting framework applies to this claim. *Laird v. Fairfax Cnty, Va.*, 978 F.3d 887, 893 (4th Cir. 2020)

The Court will incorporate its review of the facts above into its discussion here. Ms. Shine, in short, has alleged that she engaged in protected conduct by seeking FMLA leave, that she suffered an adverse action by being terminated, and that a causal link exists between the two, which is bolstered by the short timeframe between her supervisor learning of her FMLA leave request and firing Ms. Shine. *See Greene v. YRC, Inc.*, 987 F. Supp. 2d 644, 655 (D. Md. 2013) ("Plaintiff

has pled adequately that he engaged in protected activity by attempting to take FMLA leave."); *Yashenko v. Harrah's N.C. Casino Co. LLC*, 446 F.3d 541, 551 (4th Cir. 2006) ("While evidence as to the closeness in time far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a *prima facie* case of causality." (internal quotation omitted)). Again, Wells Fargo has not met its burden to rebut Ms. Shine's claim and thus the Court will allow it to proceed at this time.

In sum, while the Court takes no position on the ultimate merits of the case, it will allow Ms. Shine's disability discrimination and retaliation claims to proceed. Her race discrimination claim is dismissed.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. No. 13) is **GRANTED in part** and **DENIED in part as described in the Order; and**

2. This case shall **proceed to trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 23, 2024

Kenneth D. Bell
United States District Judge

9

Case 3:24-cv-00242-KDB-SCR   Document 19   Filed 08/23/24   Page 9 of 9