# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:24-CV-00242-KDB-WCM

| | |
|---|---|
| SHYENA SHINE, **Plaintiff,** v. WELLS FARGO, **Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's employment discrimination matter for failure to prosecute and failure to comply with the Court's April 14 Order directing Plaintiff to provide initial disclosures and respond to Defendant's discovery requests (Doc. Nos. 33 (Discovery Request), 38 (Motion)). The Court has carefully considered Defendant's brief and supporting exhibits, to which Plaintiff did not respond, and oral argument from both Parties at a hearing on the Motion on June 17, 2026. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[A] dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). "In reviewing such a dismissal, [the court] must ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately

1

proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal. *Chandler*, 669 F.2d at 920 (first citing *Davis*, 588 F.2d at 70; and then citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974)). "Appellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal." *Reizakis*, 490 F.2d at 1135.

## II. FACTS AND PROCEDURAL HISTORY

More than two years ago, after receiving a Right to Sue letter from the Equal Employment Opportunity Council ("EEOC"), pro se Plaintiff Shyena Shine filed the present action alleging various claims of employment and disability discrimination. *See* Doc. No. 1. In August 2024, Defendant Wells Fargo moved to dismiss the Complaint (Doc. No. 13) and Shine timely responded (Doc. No. 15). After the Court partially granted the motion, in September 2024, Shine opted in to the Pro Se Settlement Assistance Program ("PSAP") which is designed to connect unrepresented litigants with counsel for the limited purpose of facilitating settlement discussions. *See* Doc. No. 23. After an approximately ten-month delay during which the Court attempted—without success—to locate counsel willing to participate, the Court withdrew Shine from the program so that the litigation could proceed. In September 2025, the Court issued a Pretrial Order and Case Management Plan. Doc. No. 27.

In March 2026, Wells Fargo notified the Court of a discovery dispute and requested a conference before the Magistrate Judge. Doc. No. 30. At the hearing in April 2026—which Shine did not attend—Wells Fargo orally moved to dismiss the matter and to compel Shine's participation in discovery. Wells Fargo explained that Shine had failed to respond to written discovery requests served in December 2025, had not replied to multiple emails regarding overdue initial disclosures, and had otherwise ceased communicating with Wells Fargo since August 2025. *See* Doc. No. 33. Later that same afternoon, Shine contacted the clerk's office and asserted that

she had not received notice of the hearing, despite the notice having been mailed to her correct address. *Id.*

Following Shine's call, the Magistrate Judge held the motion to dismiss in abeyance and issued a show cause order. *Id.* On April 23, 2026, Shine timely responded, stating that she had contacted Wells Fargo's counsel the previous day regarding the outstanding discovery issued and representing that she "remain[s] prepared to proceed with the case, including addressing the outstanding discovery of dispute …." Doc. No. 34 at 1. Based on that representation, the Magistrate Judge denied Wells Fargo's oral motion without prejudice. Doc. No. 36. However, on May 6, 2026, after receiving neither the overdue discovery nor any further communication from Shine, Wells Fargo renewed its Motion to Dismiss. Doc. No. 38. The Court issued a Roseboro Notice to Shine at her updated address (Doc. No. 40), and after she failed to respond, set the matter for hearing.

At the June 17, 2026, hearing, Shine appeared and acknowledged that she had not responded to the outstanding discovery requests or provided the required disclosures. She offered several explanations for her noncompliance, including (1) that she didn't want to share information with Wells Fargo because she is not an attorney, (2) she "had a lot going on … personally," and that (3) she was unsure what information was required—though she stated she had researched the issue and filed materials with the clerk's office in April.[1] *See* Transcript of Hearing.

---

[1] Shine's only filings in April were her response to the Magistrate Judge's Show Cause Order and a Motion to Compel Defendant's production of evidence. In her response to the Show Cause Order, Shine represented that she was "prepared to proceed … including addressing the outstanding discovery of dispute …." Doc. No. 34 at 1. Shine also stated that "it is with good faith that I will meet my future deadlines moving forward." Doc. No. 34-1 at 1.

## III.    DISCUSSION

Wells Fargo moves to dismiss the matter with prejudice pursuant to Rule 41(b) for failure to prosecute the matter and failure to comply with Court orders.

A district court may dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure when a plaintiff fails to prosecute the case or fails to comply with the court orders. *See Davis v. Williams*, 588 F.2d at 70; *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989). Although dismissal is a severe sanction that should not "be invoked lightly," it is appropriate depending on the "particular circumstances" of the case. *Ballard,* 882 F.2d at 95. As noted above, in determining whether dismissal is warranted, courts consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the "amount of prejudice to the defendant"; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. *Davis,* 588 F.2d at 70.

Here, Shine is proceeding pro se and is therefore solely responsible for her conduct in this litigation. Shine herself, not a negligent attorney, failed to provide the outstanding disclosures and discovery required by the Court's prior Order granting Wells Fargo's Motion to Compel. Likewise, despite receiving a *Roseboro* notice expressly directing her to respond to Wells Fargo's renewed Motion to dismiss and warning her of the consequences of failing to do so (including dismissal of the matter), Shine elected not to file any response. Although Shine appeared at the hearing, she offered only vague explanations for her noncompliance, even after previously representing to the Court that she was prepared to proceed. Factors one and three therefore weigh in favor of dismissal.[2]

---

[2] Shine's dilatory conduct began in August 2025, when she declined to participate in the Court-required Initial Attorney's Conference, on the ground that she did not have counsel. Now,

Wells Fargo has also suffered prejudice as a result of Shine's inaction. Shine has provided no substantive information supporting her claims, despite Wells Fargo's repeated attempts to obtain her initial disclosures and response to written discovery. Wells Fargo contacted Shine three times regarding her overdue disclosures and followed up on the outstanding written discovery twice, facts Shine does not dispute. *See* Doc. No. 39 at 7. Even after the Court ordered Shine to respond—and Shine assured the Court that she would—she still did not provide any responses. *Id.* Shine's failure to participate in discovery has impeded Wells Fargo's ability to prepare its defense and has unnecessarily prolonged the litigation. Factor two therefore weighs in favor of dismissal.

Finally, no lesser sanction would be effective. Shine has repeatedly failed to comply with Court orders, failed to communicate with Wells Fargo, and failed to take even minimal steps to advance her case. Under these circumstances, dismissal is the only appropriate remedy. *See Leatherman v. Belk, Inc.*, No. 520CV00169KDBDCK, 2021 WL 848176, at *1 (W.D.N.C. Mar. 5, 2021). Accordingly, the Court concludes that dismissal with prejudice is warranted under Rule 41(b).[3]

### IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 38) is **GRANTED** with prejudice; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.     Signed: June 22, 2026

Kenneth D. Bell
United States District Judge

---

nearly a year later—and more than two years after initiating this action—Shine still has not obtained representation, and in fact, elected to proceed pro se. Doc. No. 26.

[3] Because Shine is already well outside the 90-day period to file suit following the EEOC's October 2023 Right-to-Sue notice, dismissal without prejudice would operate no differently than dismissal with prejudice. *See* Doc. No. 5 at 1.